UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CHRISTOPHER PERKINS, | Civil No. 14-3426 (ADM/JSM) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| WARDEN JETT, | |
| Respondent. | |

---

This matter is before the undersigned United States Magistrate Judge on petitioner Christopher Perkins's petition for a writ of habeas corpus, brought under 28 U.S.C. § 2241. *See* ECF No. 1. The petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Perkins's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, this Court recommends dismissal of the petition.

In 2009, Perkins was committed to the custody and care of the United States Attorney General under 18 U.S.C. § 4246(d). That provision allows for the civil commitment of a person in the custody of the Federal Bureau of Prisons who suffers "from a mental disease or defect as a result of which his release [from custody] would create a substantial risk of bodily injury to another person or serious damage to property of another . . . ." *Id*.; *see also United States v. Perkins*, No. 5:09-hc-02062-BR (E.D.N.C. filed May 20,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Patterson seeks relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

2009). Perkins was conditionally released from civil commitment in May 2010, but that conditional release was revoked soon thereafter, and Perkins has remained in the custody of the Attorney General since that time. *Id*. Perkins currently resides at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester").

On July 1, 2014, Perkins filed a petition for a writ of habeas corpus under § 2241 in the Eastern District of North Carolina (the district of his civil-commitment proceedings), asking that he be released from the custody of the United States Attorney's Office. Because the correct "venue for filing a claim under 28 U.S.C. §2241 is the district where a petitioner is confined," ECF No. 3 at 1 (citing 28 U.S.C. § 2241(a); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000)), Perkins's petition was transferred to this District. That petition is now under consideration by this Court.

Perkins's petition for habeas corpus relief is, to say the least, difficult to follow. A good deal of the petition consists of photocopies of books or magazine articles, none of which appears relevant to any possible claims under § 2241. Much of the remainder consists of pages typewritten (this Court assumes) by Perkins about the United Nations, the treaty power of Congress, former president Harry Truman, and innumerable other topics again seemingly unrelated to any possible claims for habeas relief.

That said, it is clear that Perkins regards his continuing commitment at FMC-Rochester as illegal. Perkins's petition can fairly be interpreted as raising two claims against his continuing civil detention.[2] The first claim raised by Perkins is that the civil

---

[2] To the extent that Perkins is contesting the *conditions* of his confinement at FMC-Rochester, such a claim is not cognizable in a habeas petition, but must instead be brought in a civil-rights action. *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996); *Taylor v. Roal*, No. 10-CV-3588 (PJS/JJG), 2010 WL 4628634, at *5 (D. Minn. Nov. 5, 2010).

commitment procedures set forth in 18 U.S.C. §§ 4246 and 4247 are *per se* unconstitutional — that is, Perkins claims that no court ever had the lawful authority to commit him to the custody of the Attorney General, and that his civil commitment therefore has been illegal from the very beginning. This claim, however, is squarely foreclosed by the case law of this circuit. *See Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) (citing *Phelps v. United States*, 831 F.2d 897, 898 (9th Cir. 1987)). "The statutory procedure and substantive standard [for civil commitment] are clearly constitutional." *Id*.

The second claim raised by Perkins is that, even if the *initial* decision to detain him was lawful, there is no lawful basis to *continue* detaining him at FMC-Rochester. Habeas corpus, however, "is an extraordinary remedy typically available only when 'the petitioner has no other remedy.'" *Archuleta*, 365 F.3d at 648 (quoting *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002)). The statutes under which Perkins was committed provide a procedure for a person in Perkins's situation to seek release from their detention. Specifically, "counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility . . . ." 18 U.S.C. § 4247(h). This alternative statutory remedy precludes habeas relief in this case. *See Archuleta*, 365 F.3d at 648-49.[3]

Finally, the Eighth Circuit has, in similar circumstances, described as "permissible and appropriate" the transferring of a habeas petition to the district in which a motion under

---

[3] Perkins also suggests that his continuing commitment violates his speedy-trial rights, either under the Speedy Trial Clause of the Sixth Amendment, or under the Speedy Trial Act, 18 U.S.C. § 3161. Neither provision, however, is applicable to civil proceedings. *See United States v. Commey*, 452 Fed. App'x 21, 23 (2d Cir. 2011) (summary order); *United States v. Pasillas-Castanon*, 525 F.3d 994, 997 (10th Cir. 2008) (compiling cases).

§ 4247(h) must be brought.  *See Archuleta*, 365 F.3d at 649.  Nevertheless, this Court recommends dismissal, rather than transfer, of Perkins's habeas petition.  Perkins originally filed his habeas petition in the Eastern District of North Carolina, and that court had discretion to construe Perkins's petition as a motion under § 4247(h).  *Id*.  It declined to do so, however.  Moreover, it appears that Perkins is represented in his civil-commitment proceedings; that his attorney and the court presiding over his those proceedings have received regular updates as to Perkins's medical condition; and that nothing is currently precluding Perkins's attorneys or legal guardian from bringing a motion under § 4247(h) in that case.  *See generally United States v. Perkins*, No. 5:09-hc-02062-BR (E.D.N.C.).

Because it plainly appears from Perkins's petition that he is not entitled to relief, this Court recommends that the petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT petitioner Christopher Perkins's petition for a writ of habeas corpus [ECF No. 1] be DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

 Dated: September 18, 2014                    *s/ Janie S. Mayeron*
                                              JANIE S. MAYERON
                                              United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 2, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond

-5-

to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.